UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH A. SMITH, | CASE NO. 1:10-cv-01761-GBC (PC) |
| Plaintiff, | COMPLAINT DISMISSED WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| CORCORAN STATE PRISON, et al., | FIRST AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |

**SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

Plaintiff Kenneth A. Smith ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on September 20, 2010 and consented to Magistrate Judge jurisdiction on October 6, 2010.  (ECF Nos. 1 & 7.)  No other parties have appeared.

Plaintiff's Complaint is now before the Court for screening.  For the reasons set forth below, the Court finds that Plaintiff has failed to state any claims upon which relief may be granted.

**II.  SCREENING REQUIREMENTS**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

### III. SUMMARY OF COMPLAINT

It is difficult to decipher what Plaintiff is alleging. It appears that he may be alleging violations of his Eighth Amendment right and violations of his right to due process. Plaintiff names the following entities as Defendants: Corcoran State Prison, Correctional Administration, Division E-1 Ad Seg, and Housing for Inmate Location Administration CDC Officials.

Plaintiff alleges as follows: On July 27, 2009, Plaintiff was placed in administrative segregation. A prison official shoved and pushed Plaintiff into the cell and then cussed at him. Plaintiff states that the clothes and shoes he was given were too small and he had to wait for weeks to receive new ones. Plaintiff states that he was placed in a detention cell did not have a food port, wall shelves, table, or seat. Plaintiff further states that the cell was hot and loud. Plaintiff also states that he was misclassified and should not have been placed in a detention cell.

The Court is unable to determine what relief Plaintiff seeks.

//

## IV. ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A. Due Process

Plaintiff appears to allege that his due process rights were violation through a wrong housing placement.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483–84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

Where prison conditions are at issue, a change in conditions so severe as to affect the sentence imposed in an unexpected manner implicates the Due Process Clause itself, whether or not such change is authorized by state law. Id. at 484. Neither changes in conditions relating to classification and reclassification nor the hardship associated with administrative segregation, such as loss of recreational and rehabilitative programs or confinement to one's cell for a lengthy period of time, violate the Due Process Clause itself. See Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (classification); Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9th Cir. 1986) (administrative segregation).

3

Plaintiff appears to be alleging that he was improperly placed in a detention cell. However, the Court notes that Plaintiff does not have a constitutional right to determine his own housing placement. Meachum v. Fano, 427 U.S. 215, 225 (1976). Thus, if such a right exists, it must be created by California in a manner that gives rise to a liberty interest. The definition of a state created liberty interest usually means the state has established "substantive predicates" to govern official decision-making and mandates the outcome to be reached upon a finding that the relevant criteria have been met. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460-62 (1989). Plaintiff will be given leave to amend to attempt to state such a claim.

**B.    Eighth Amendment**

Plaintiff appears to be making several arguments for violation of his Eighth Amendment rights.

1.    Cruel and Unusual

Plaintiff seems to allege that he was subjected to cruel and unusual punishment because of some misclassification, because he was given the wrong size clothing, and because of the temperature and volume of noise in his cell.

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. See id. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citation omitted).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need," and "harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d

4

1133 (9th Cir. 1997) (en banc)). "Deliberate indifference is a high legal standard." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" <u>Id.</u> at 1057 (quoting <u>Farmer</u>, 511 U.S. at 837). "'If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" <u>Id.</u> (quoting <u>Gibson v. County of Washoe, Nevada</u>, 290 F.3d 1175, 1188 (9th Cir. 2002)).

As to the misclassification, Plaintiff does not attribute this action to any named Defendant. Nor does he state that any named Defendant was aware of the misclassification. If Plaintiff intends to pursue this claim, he must describe in greater detail who was responsible for the misclassification, what the consequences of the misclassification were, how they effected Plaintiff, etc.

As to the wrong sized clothes and shoes, as currently pleaded, this is not a sufficient serious deprivation to reach constitutional level. And, again, Plaintiff does not attribute this action/inaction to any named Defendant. Thus, this claim too fails. If Plaintiff chooses to amend it, he must make sure to meet the criteria stated above.

As to the temperature and volume of noise in his cell, as stated above, this is not a sufficient serious deprivation to reach constitutional level. Plaintiff merely states that his cell had a high temperature and that there needed to be volume control in his cell. Again, Plaintiff fails to attribute responsibility for the cell's condition to any named Defendant. Thus, this claim too fails. If Plaintiff chooses to amend it, he must make sure to meet the criteria stated above.

### 2. Excessive Force

Plaintiff claims that Defendants used excessive force in violation of his constitutional rights.

The analysis of an excessive force claim brought pursuant to Section 1983 begins with "identifying the specific constitutional right allegedly infringed by the challenged

1 application of force." Graham v. Connor, 490 U.S. 386, 394 (1989). The Eighth
2 Amendment's prohibition on cruel and unusual punishment applies to incarcerated
3 individuals, such as the Plaintiff here. Whitley v. Albers, 475 U.S. 312, 318 (1976). To
4 state an Eighth Amendment claim, a plaintiff must allege that the use of force was
5 "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir.
6 2001). The malicious and sadistic use of force to cause harm always violates
7 contemporary standards of decency, regardless of whether or not significant injury is
8 evident. Hudson v. McMillian, 503 U.S. 1, 9; see also Oliver v. Keller, 289 F.3d 623, 628
9 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses
10 of force, not *de minimis* injuries). However, not "every malevolent touch by a prison guard
11 gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's
12 prohibition of cruel and unusual punishments necessarily excludes from constitutional
13 recognition *de minimis* uses of physical force, provided that the use of force is not of a sort
14 repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and
15 citations omitted).

16 Whether force used by prison officials was excessive is determined by inquiring if
17 the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously
18 and sadistically to cause harm." Hudson, 503 U.S. at 6-7. The Court must look at the
19 need for application of force; the relationship between that need and the amount of force
20 applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and
21 inmates as reasonably perceived by prison officials; and any efforts made to temper the
22 severity of the response. See Whitley, 475 U.S. at 321. The absence of significant injury
23 alone is not dispositive of a claim of excessive force. See Wilkens v. Gaddy, 130 S.Ct.
24 1175, 1176-77 (2010).

25 Plaintiff states that a prison official shoved him into his cell and then yelled at him
26 using inappropriate language. As stated above, not every touch by a prison official violates
27 the Eighth Amendment. As currently pleaded, Plaintiff fails to state a claim. Being pushed
28 into one's cell, without more, does not appear to be an excessive use of force. Nor does

it appear to be applied maliciously or sadistically.  Plaintiff will be given leave to amend.

### C. Doe Defendants

Plaintiff fails to name any individuals in his statement of the claim.  The Defendants he names on the first page of his Complaint mostly appear to be institutions though he also refers to Housing for Inmate Location Administration CDC officials.  The Court assumes this is the same as using the term "Doe".  "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff. Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem:  those persons cannot be served with process until they are identified by their real names." Robinett v. Correctional Training Facility, 2010 WL 2867696, *4 (N.D. Cal. July 20, 2010).

Plaintiff is advised that John Doe defendants can not be served by the United States Marshal until he has identified them as actual individuals and amended his complaint to substitute the Defendants' actual named.  The burden remains on Plaintiff to promptly discover the full name of Doe Defendants; the Court will not undertake to investigate the names and identities of unnamed defendants. Id.  The Court will grant Plaintiff leave to amend this claim and attempt to set forth sufficient identification.

### D. Personal Participation and Supervisory Liability

Plaintiff does not include any of the named Defendants in the statement of the case. Plaintiff could be arguing that some of these Defendants are liable for the conduct of his or her subordinates as they were not present and did not participate in the complained of conduct as currently described by Plaintiff.

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.

Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

When examining the issue of supervisor liability, it is clear that the supervisors are not subject to vicarious liability, but are liable only for their own conduct. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal. 2004). In order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers, 267 F.3d at 915; Wesley, 333 F.Supp.2d at 892. The sufficient causal connection may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights. Wesley, 333 F.Supp.2d at 892 (internal quotations omitted). However, an individual's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement. Id. (internal quotations omitted).

Supervisor liability under Section 1983 is a form of direct liability. Munoz v. Kolender, 208 F.Supp.2d 1125, 1149 (S.D.Cal. 2002). Under direct liability, Plaintiff must show that Defendant breached a duty to him which was the proximate cause of his injury. Id. "'The requisite causal connection can be established . . . by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978)). However, "where the applicable constitutional standard is deliberate indifference, a plaintiff may state a claim for supervisory liability based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by others." Star v. Baca, ___ F.3d ___, 2011 WL 477094, *4 (9th Cir. Feb. 11, 2011).

Plaintiff has not alleged facts demonstrating that any of the named Defendants personally acted to violate his rights. Plaintiff needs to specifically link each Defendant to a violation of his rights. Plaintiff shall be given one additional opportunity to file an amended complaint curing the deficiencies in this respect.

## V.     **CONCLUSION AND ORDER**

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims. Plaintiff should focus the amended complaint on claims and defendants relating solely to issues arising out of the issues described herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

//

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:10-cv-1761-GBC (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: July 6, 2011

_____
UNITED STATES MAGISTRATE JUDGE