# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH A. SMITH, | CASE NO. 1:10-cv-01761-GBC (PC) |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE |
| v. | |
| CORCORAN STATE PRISON, et al., | |
| Defendants. | |

Plaintiff was a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On August 22, 2011, the Court mailed an Order to Show Cause. Doc. 12. On September 29, 2011, the Court's Order was returned by the United States Post Office as undeliverable.

Pursuant to Local Rule 183(b), a party appearing *in propria persona* is required to keep the Court apprised of his or her current address at all times.

> If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Local Rule 183(b). In the instant case, more than sixty-three days have passed since Plaintiff's mail was returned, and he has not notified the Court of a current address.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

1  policy favoring disposition of cases on their merits; and (5) the availability of less drastic
2  sanctions.'" *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779
3  F.2d 1421, 1423 (9th Cir. 1986)). These factors guide a court in deciding what to do, and are not
4  conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA)*
5  *Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).

6      In this instance, Local Rule 183(b) provides for the dismissal of an action based on returned
7  mail. Given the Court's inability to communicate with Plaintiff, dismissal is warranted and there are
8  no other reasonable alternatives available. *See Carey*, 856 F.2d at 1441.

9      Accordingly, this action is hereby DISMISSED, without prejudice, based on Plaintiff's
10  failure to prosecute pursuant to Local Rule 183(b).

12  IT IS SO ORDERED.

13  Dated:   January 9, 2012
14                                               UNITED STATES MAGISTRATE JUDGE